UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,   *<br>   *<br>   *<br>Plaintiff,   *<br>   v.   *<br>   *<br>MARCO BABINI, et al.,   *<br>   *<br>Defendants.   * | Civil Action No. 1:15-cv-13348-IT |

MEMORANDUM & ORDER

September 27, 2024

TALWANI, D.J.

Pending before the court is Plaintiff Securities and Exchange Commission's ("SEC") Motion for Entry of Final Judgment and Order for Penny Stock Bar as to Defendant Marco Babini ("Mot. for Final J.") [Doc. No. 62]. For the following reasons, the motion is GRANTED.

I.     Background

The SEC sued Defendant Marco Babini and two others in 2015 for operating an illegal "pump-and-dump" securities scheme in violation of federal securities law. Complaint [Doc. No. 1]. Related criminal actions against the three Defendants were also filed in this district. See United States v. Samuel Brown, dkt. 1:15-cr-10123-IT; United States v. Edward Withrow III and Marcus Babini, dkt. 1:15-cr-10261-PBS.

Defendant Withrow went to trial in 2017, which ended in a hung jury. See Elec. Clerk's Notes, dkt. 1:15-cr-10261-PBS [Doc. No. 150]. In 2018, Defendant Withrow pleaded guilty to one count of making a false statement during sworn SEC testimony, and all securities and wire fraud charges as to Defendant Withrow were dismissed. Plea Agreement, dkt. 1:15-cr-10261-PBS [Doc. No. 194]. He was sentenced in his criminal case, see Judgment, dkt. 1:15-cr-10261-PBS [Doc. No. 207], and agreed as part of his settlement of the civil complaint that an

officer/director and/or penny stock bar would be determined by the court on motion by the SEC; SEC prevailed in part on its motion, and five-year officer/director and penny stock bars were imposed on Withrow. Order Approving Consent Judgment, dkt. 1:18-cv-11996-PBS [Doc. No. 14].

In 2019, Defendant Brown pleaded guilty to conspiracy to commit securities fraud and wire fraud and making a false statement to the SEC, and was sentenced in his criminal case. See Judgment, dkt. 1:15-cr-10123-IT [Doc. No. 40]. He also reached a settlement agreement resulting in a lifetime penny stock bar in this civil case. See Judgment [Doc. No. 41].

In 2023, after a three-year effort to extradite him from Canada, Defendant Babini pleaded guilty to one count of conspiracy to commit securities fraud and wire fraud. He was sentenced to time-served, 18 days of supervised release, and a $50,000 fine, and the remaining charges against him were dismissed. See Order and Judgment, dkt. 1:15-cr-10261-PBS [Doc. No. 265]. The SEC and Babini also reached a settlement agreement in this civil suit. Pursuant to the agreement, Babini has consented (1) to entry of a judgment permanently restraining and enjoining him from violations of 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(1) and (3)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(a) and (c) thereunder [17 C.F.R. § 240.10b-5(a) and (c)], and Section 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)]; and (2) to this court determining whether a penny stock bar should be imposed on Babini on motion by the SEC. Consent of Defendant Marco Babini ¶¶ 3-4 [Doc. No. 62-1]. Babini also agreed with respect to the SEC's motion that he would be precluded from arguing that he did not violate federal securities law as alleged in the Complaint, that he could not challenge the validity of the Consent or Judgment,

and that, for purposes of the motion, the allegations of the Complaint would be accepted as true by the court. Id. ¶ 4.

The SEC now moves for entry of final judgment and for the imposition of a lifetime penny stock bar. Mot. for Final J. [Doc. No. 62]. Babini opposes the motion. Def.'s Opp. to Lifetime Penny Stock Ban and Mot. for Discovery ("Babini Opp.") [Doc. No. 65].

## II.     Standard of Review

Section 20(g) of the Securities Act, 15 U.S.C. § 78t(g), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d)(6), authorize the district court to impose a penny stock bar "against any person participating in, or at the time of the alleged misconduct, who was participating in, an offering of penny stock."[1] The statutes define such a person as "any person engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of, any penny stock." 15 U.S.C. § 78u(d)(6)(B). In deciding whether to impose a penny stock bar, a court considers (1) the egregiousness of the underlying securities violation; (2) whether defendant is a repeat offender; (3) defendant's role in the fraud; (4) defendant's degree of scienter; (5) defendant's economic stake in the fraud; and (6) the likelihood of misconduct reoccurring.[2] SEC v. Weed, 315 F.Supp.3d 667, 677 (citing SEC v. Patel, 61 F.3d 137, 141 (2d. Cir. 1995)).

---

[1] The parties do not dispute that the securities in the underlying offense qualify as "penny stock" for purposes of a penny stock bar.

[2] The court in SEC v. Weed recited these factors as considerations relevant to whether to impose an officer/director bar on a defendant and then observed that the standard for imposing a penny stock bar "'mirrors that for imposing an officer-or-director bar.'" 315 F. Supp. at 677 (quoting SEC v. Universal Exp., Inc., 475 F. Supp. 2d 412, 429 (S.D.N.Y. 2007)).

## III.     Discussion

The SEC contends that Babini satisfies all the considerations for imposing a penny stock bar. It argues that the underlying securities violations and Babini's conduct after his indictment were egregious. It contends that Babini's role in the pump-and-dump scheme was "pervasive and critical" and that his conduct within the scheme shows he possessed a high degree of scienter. It also highlights Babini's economic stake in the underlying fraud scheme. The SEC also contends that, though there is no evidence that Babini is a repeat offender, the extended nature of the fraud, Babini's experience in and sophisticated knowledge of U.S. securities markets, and his unwillingness to accept responsibility for his role in the scheme, create a likelihood that the conduct will recur.

Babini's opposition largely seeks to relitigate the underlying criminal charges and allegations in this suit. For example, Babini argues that the SEC has failed to present any clear evidence of trading violations, has taken inconsistent positions about Babini's ability to continue trading, and has not demonstrated that any financial harm occurred as a result of the scheme. Babini contends that the lifetime penny stock bar sought by the SEC thus is disproportionate to the underlying conduct and unsupported by evidence.

Babini's arguments about the validity of the SEC's evidence against him are not relevant to the motion at hand where Babini has agreed not to argue that he did not violate federal securities law, not to challenge the validity of the Consent or Judgment, and that the court would accept the allegations of the Complaint as true when adjudicating this motion. Taking the Complaint as true, the court finds that Babini's conduct—including, but not limited to, participating in a coordinated, eight-month long scheme to manipulate stock prices for personal enrichment, agreeing to pay an undercover FBI agent a kickback for engaging in a fraudulent trade, and financing fraudulent promotions via foreign accounts—justifies the imposition of a

lifetime penny stock bar. Babini's conduct was egregious and demonstrated a high degree of scienter, and Babini played a central role and had a significant economic stake in the fraud. Further, Babini's continued litigation of the underlying conduct despite entering a guilty plea as to the related criminal charges suggests a lack of responsibility and potential for recurring misconduct.

Additionally, to the extent that Babini's opposition includes requests for discovery, those requests are denied because the information Babini seeks to discover goes to the validity of the underlying criminal conviction and civil allegatiSons, not to the question raised by the instant motion of whether a lifetime penny stock bar is appropriate.

### IV. Conclusion

For the foregoing reasons, SEC's <u>Motion for Entry of Final Judgment and Order for Penny Stock Bar as to Defendant Marco Babini</u> is GRANTED. A separate Judgment will enter.

IT IS SO ORDERED.

September 27, 2024                    /s/Indira Talwani
                                       United States District Judge